MICHAEL R. PFEIFER, ESQ. (S.B.N. 072245)
ANNABELLE DE LA MORA, ESQ. (S.B.N. 117649)
PFEIFER & DE LA MORA, LLP
765 The City Drive, Suite 380
Orange, CA 92868
Telephone: (714) 703-9300
Facsimile: (714) 703-9303

Attorneys for Defendant
AMERICAN GENERAL FINANCIAL SERVICES, INC.,
sued herein as American General Finance Commercial Corp.
DBA American General Financial Services

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA MOLINA,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN GENERAL FINANCE COMMERCIAL CORP. DBA AMERICAN GENERAL FINANCIAL SERVICES,<br><br>Defendants. | Case No.: CV-11-1069 SJO (CWx)<br><br>*[Formerly Case No. 10S01646 in the Los Angeles County Superior Court, Valley Courthouse, Lancaster, California]*<br><br>OPPOSITION OF DEFENDANT AMERICAN GENERAL FINANCIAL SERVICES, INC. (SUED HEREIN AS AMERICAN GENERAL FINANCE COMMERCIAL CORP. DBA AMERICAN GENERAL FINANCIAL SERVICES) TO MOTION BY DEFENDANT LAURA MOLINA TO REMAND TO SMALL CLAIMS COURT<br><br>Date:        April 4, 2011<br>Time:       10:00 a.m.<br>Courtroom: Courtroom 1, Second Floor<br><br>Complaint Filed: December 29, 2010<br>(State Court)<br>Removed: February 3, 2011 |

1

## 1.0 INTRODUCTION

Defendant AMERICAN GENERAL FINANCIAL SERVICES, INC., sued herein as American General Finance Commercial Corp. DBA American General Financial Services ("American General"), hereby opposes the Motion ("Motion") for Remand by Plaintiff Laura Molina ("Plaintiff") as follows:

## 2.0 ARGUMENT

Plaintiff argues that removal is improper because the Court lacks "federal question" subject matter jurisdiction in that:

    1.    Plaintiff has not raised a federal question, but only a state law claim under California Civil Code § 1785.25(a); and

    2.    Plaintiff's state law claim is "mutually exclusive" from claims under the Fair Credit Reporting Act ("FCRA") because it is "expressly saved from" the preemption provisions of 15 U.S.C. §1681t(b)(1)(F).

These arguments fail for the following reasons:

### A. THE MOTION FOR REMAND MISREPRESENTS PLAINTIFF'S CLAIM

Whether a case "arises under" federal law for jurisdiction purposes is tested by the "well-pleaded complaint" rule: Federal courts consider only what *necessarily appears* in plaintiff's statement of his or her claim, *unaided by anything alleged in anticipation or avoidance of defenses the defendant may interpose.* [*Taylor v. Anderson* 234 U.S. 74, 75–76, 34 S.Ct. 724, 724–725 (1914); see *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.* 535 US 826, 830, 122 S.Ct. 1889, 1893 (2002).]

While Plaintiff's Motion asserts in its "Introduction" and elsewhere in the body of the Motion that Plaintiff has brought her claim exclusively under California Civil Code § 1785.25(a),[1] that is not what the Complaint actually says. Plaintiff's claim does not state that it is brought under California

---

[1] Civil Code Section 1785.25(a) provides: "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

2

Civil Code § 1785.25(a). Instead, as Plaintiff herself states at paragraph 3(a) of her Complaint: *"Plaintiff is claiming that defendant negligently reported a negative feedback in plaintiff's credit report."*

Although Plaintiff's Complaint says that she seeks "damages pursuant to CALIFORNIA CIVIL CODE, SECTION 1785.31(a)," there is no mention anywhere in her Complaint of California Civil Code §1785.25(a). Nor are there any allegations in the Complaint of <u>any</u> of the factual elements of Civil Code §1785.25(a).[2] Nor are there any allegations of whether American General is being sued as a "furnisher" of credit information or as a "credit reporting agency." Nor are there any allegations that any information supposedly "reported" was "incomplete or inaccurate." There is only the single phrase: "defendant negligently reported a negative feedback in plaintiff's credit report."

As alleged in her Complaint, all that can be said about Plaintiff's claim is that it seeks "damages" under the remedy provisions of California Civil Code §1785.31(a) for alleged conduct involving Plaintiff's credit report—conduct that is regulated by <u>both</u> the FCRA and the "Consumer Credit Reporting Agencies Act" of California.[3] Since the exercise of judicial authority and judicial construction of the FCRA and applicable federal case law are necessary to determine whether or not Plaintiff's claim (whatever it may be) "arises under" the FCRA, or only under a state statute *not* preempted by FCRA, or both, the Complaint clearly raises a "federal question."

### B. <u>WHETHER PLAINTIFF'S CLAIM IS "SAVED" FROM PREEMPTION UNDER 15 U.S.C. §1681t(b)(1)(F) IS ITSELF A FEDERAL QUESTION</u>

Plaintiff argues that her "state law claim" and federal law claims under the FCRA are "mutually exclusive" because her claim is "explicitly not pre-empted" by the provisions of the FCRA. In support of that argument, she cites 15 U.S.C. §1681t(b)(1)(F), and two Ninth Circuit cases: *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147 (2009) and *Carvalho v. Equifax Info.*

---

[2] None of the purported "facts" set forth in the Introduction of Plaintiff's Motion to Remand appears in the Complaint, and there is no mention anywhere in the Complaint of Civil Code §1785.25(a).
[3] Civil Code §1731(a) specifies remedies not only for violation of Civil Code §1785.25(a), but for any "violation of this <u>title</u>" (emphasis added), which includes 5 chapters and 44 sections.

3

*Servs., LLC*, 615 F.3d 1217 (2010).[4]  But Plaintiff's argument is based on false premises and misconstrues the holdings of *Gorman* and *Carvalho*, as explained in more detail below.

### 1. Plaintiff's Claim Is Not "Explicitly" Exempted from Pre-Emption by 15 U.S.C. §1681t(b)(1)(F)

15 U.S.C. Section 1681t(b)(1)(F) exempts from pre-emption claims under California Civil Code §1785.25(a).  But, as shown above, Plaintiff has not alleged a claim under §1785.25(a) in her Complaint. She cannot maintain that her claim is based only on violation of a particular state statute when, in fact, that is not what her Complaint says and she has not even mentioned that state statute in her pleading!

### 2. The *Gorman* and *Carvalho* cases actually *defeat* Plaintiff's Argument

*Gorman* holds that claims under California Civil Code §1785.25(a), and the remedial provisions of Civil Code 1785.31(a), are in fact exempt from pre-emption. But as shown above, Plaintiff has not stated a claim under Civil Code §1785.25(a).

Even more significantly, the *Carvalho* case expressly holds that the *Gorman* exemption is limited to claims brought under Civil Code §1785.25(a) (and the remedial provisions Civil Code 1785.31(a) as they pertain to it), and that claims brought under other subdivisions of Civil Code §1785.25 are not exempt from federal pre-emption. Thus, in *Carvalho*, the Ninth Circuit Court of Appeals states at pages 888-89 (section III(B)(2)):

> We are left with Carvalho's claim of inadequate investigation. California Civil Code § 1785.25(f) requires furnishers who receive notice of a dispute to complete an investigation and to review relevant information. Section 1785.25(f), however, is not expressly saved from preemption by the FCRA. <u>Gorman holds only that the FCRA does not preempt section 1785.25(a) claims against furnishers. See 584 F.3d at 1173. Because section 1785.25(a) is the only substantive CCRAA furnisher provision specifically saved by the FCRA, Carvalho's section 1785.25(f) claim is preempted</u>. (Emphasis added.)

---

[4] This citation is incorrect and the opinion relied on by Plaintiff has since been superseded by an amended opinion found at 629 F.3d 876 (Amended December 16, 2010.)

4

In the present case, Plaintiff has not stated *how* American General is supposed to have acted "negligently," or exactly *what* American General is alleged to have reported "in Plaintiff's credit report." Nor can it be ascertained whether American General is being sued purportedly as a furnisher of information or as a credit reporting agency. There are numerous provisions of the FCRA that could conceivably apply to the conduct described in the Complaint, and the allegations in Plaintiff's Complaint are sufficiently broad that they could apply to many of them.[5] What is absolutely certain, however, is that Plaintiff has not alleged that her claim is brought <u>only</u> under Civil Code §1785.25(a). She has, therefore, failed to show that her claim is "mutually exclusive" of the rights and remedies under FCRA so as to deprive the Court of Subject Matter jurisdiction.

### C. PLAINTIFF IS NOT ENTITLED TO ATTORNEY'S FEES

Since Plaintiff has not established grounds for Remand, there is no basis on which to predicate an award of attorney's fees or costs, despite Plaintiff's request.[6] But even if the Court *were* to grant the Motion and order Remand, the basis on which the case was removed was not

---

[5] See e.g., 15 U.S.C. §1681s2(a)(2), which provides that "[a] person who—

> **(A)** regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and
>
> **(B)** has furnished to a consumer reporting agency information that the person determines is not complete or accurate,
>
> shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

[6] Plaintiff's request for attorney's fees/costs makes her claim subject to arbitration under the applicable account agreement between the parties. Concurrently with this Opposition, American General is requesting that Plaintiff stipulate to the case being sent to arbitration pursuant to said agreement. If Plaintiff fails to so stipulate, American General anticipates that it will be filing a

5

"unreasonable." There is no automatic entitlement to an attorney fees award on remand. Section 1447(c) provides that the court "*may* require payment of *just* costs and ... attorney fees," making an award discretionary. *Martin v. Franklin Capital Corp.* 546 U.S. 132 at 136, 126 S.Ct. 704 at 709 (emphasis added).

In deciding whether an award is "just" under § 1447(c), the key factor is the *propriety* of the removal: "(A)bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an *objectively reasonable basis for removal*." [*Martin v. Franklin Capital Corp.*, supra, 546 U.S. at 136, 126 S.Ct. at 708 (emphasis added)] An objectively reasonable basis for removal exists, and hence fees should be denied, where (as here) the purported state court complaint *fails to state a claim* against the removing defendant under "settled rules" of state law. [*Gardner v. UICI* 508 F.3d 559, 561 (9th Cir. 2007)].

Nor has Plaintiff established that she has "incurred" attorneys fees within the meaning of 28 U.S.C. §1447(c). Costs and fees awardable under § 1447(c) are limited to those "incurred as a result" of the removal." Thus, costs and fees cannot be awarded on remands resulting from *post-removal changes* in the case. (E.g., Plaintiff drops federal claim that was basis for removal). Such costs and fees do not "result from" improper removal. [See *Baddie v. Berkeley Farms, Inc.* 64 F.3d 487, 491 (9th Cir. 1995). Here, as noted above, the only way Plaintiff can maintain that her claim is not removable is to change it—post-removal.

### 3.0 CONCLUSION

Plaintiff's Motion for Remand is based on misrepresentation of fact about the nature of her claim and upon mischaracterization of applicable law. Therefore, American General respectfully submits that Plaintiff's Motion to Remand should be denied.

//
//
//

Motion to Compel Arbitration and respectfully requests that the Court take judicial notice of, and rule

6

CV-11-1069 SJO (CWx)
OPPOSITION OF DEFENDANT AMERICAN GENERAL FINANCIAL SERVICES, INC. TO DEFENDANT LAURA MOLINA'S MOTION TO REMAND TO SMALL CLAIMS COURT

| | | |
|---|---|---|
| 1 | DATED: March 14, 2011 | PFEIFER & DE LA MORA, LLP |
| 2 | | |
| 3 | | By: /s/ Michael R. Pfeifer, Esq. |
| | | MICHAEL R. PFEIFER |
| 4 | | ANNABELLE DE LA MORA |
| | | Attorneys for Defendant |
| 5 | | AMERICAN GENERAL FINANCIAL SERVICES, INC. |

on, such Motion to Compel Arbitration before ruling on Plaintiff's Motion to Remand.

7

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is: PFEIFER & DE LA MORA, LLP, 765 The City Drive, Suite 380, Orange, California 92868.

On, March 14, 2011, I served a copy of the foregoing documents described as:

OPPOSITION OF DEFENDANT AMERICAN GENERAL FINANCIAL SERVICES, INC. (SUED HEREIN AS AMERICAN GENERAL FINANCE COMMERCIAL CORP. DBA AMERICAN GENERAL FINANCIAL SERVICES) TO MOTION BY DEFENDANT LAURA MOLINA TO REMAND TO SMALL CLAIMS COURT

on the interested parties in this action.

__X__  by placing [ ] the original [X] a true and correct copy thereof in a sealed envelope(s) addressed as follows:

Laura Molina
14826 Sandy Ridge Road
P.O. Box 713
Lake Elizabeth, CA 93532
Tel. No.: (661) 724-0542

__X__  by Mail:
I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage, thereon fully prepaid for at **Orange, California** in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

__X__  FEDERAL – I declare under penalty of perjury under the laws of the United States America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Executed on March 14, 2011, at Orange, California.

_____
Yolanda Rivera

1

---

PROOF OF SERVICE

CV11-1069 SJO (CWx)